IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HANCOCK WITNEY BANK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 20-00010-KD-C |
| | ) | |
| CHARLIE HEATH MASON and | ) | |
| TONI SCOTT MASON, d/b/a | ) | |
| 7 GENERAL CONTRACTING, INC., | ) | |
|     Defendants. | ) | |

**ORDER**

    This action is before the Court on the Motion to Dismiss without prejudice filed by Plaintiff Hancock Whitney Bank (Doc. 41). Previously, this action was stayed upon notice that Defendants Charlie Heath Mason, Toni Scott Mason, and 7 General Contracting, Inc. had filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court in the Southern District of Alabama.

    Plaintiff now moves the Court to dismiss this action without prejudice. Plaintiff did not move pursuant to a specific Federal Rule of Civil Procedure. However, the Court finds that Rule 41(a)(1)(A)(i) is appropriate in this circumstance. This Rule provides for voluntary dismissal by the Plaintiff without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i).[1]

    Generally, no order is necessary to effectuate voluntary dismissal pursuant to this Rule. <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272, 1278 (11th Cir. 2012). However, this action was stayed pursuant to the automatic stay provision of 11 U.S.C. § 362(a). But even with an automatic stay, "courts have held that the automatic stay does not prevent a court from dismissing a case against the debtor on the motion of the plaintiff pursuant to Rule 41(a) of the Federal Rules of

---

[1] "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Civil Procedure", so long as the dismissal is not inconsistent with the purpose of the automatic stay. Settles v. Commissioner of Internal Revenue, 138 T.C., No. 19, 2012 WL 1605350, *3 (U.S. Tax Ct. May 8, 2012) (citing Arnold v. Garlock Inc., 288 F.3d 234 (5th Cir. 2002). Also, the "courts retain jurisdiction 'to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.'" Robert v. Bell Helicopter Textron, Inc., 2002 WL 1268030, 2 (N.D. Tex. May 31, 2002) (quoting Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990); Slay v. Living Centers East, Inc., 249 B.R. 807 (S.D. Ala. 2000)[2]; Chase Manhattan Bank, N.A. v. Celotex Corp., 852 F. Supp. 226 (S.D.N.Y. 1994)).[3]

As to the terms, the automatic stay operates to stay the continuation of judicial proceeding against the Defendants. 11 U.S.C. § 362(a)(1). The stay serves two primary purposes: To relieve the Defendants from the financial expense of litigation during the bankruptcy proceedings and to protect their creditors by preserving their estate. Carver v. Carver, 954 F.2d 1573, 1576 (11th Cir. 1992); Villarreal v. City of Laredo, 2007 WL 2900572, at *5 (S.D. Tex. Sept. 28, 2007), aff'd in part sub nom. Villarreal v. M.G. Builders, 354 Fed. Appx. 177 (5th Cir. 2009) (non-bankruptcy court may grant a motion to dismiss, so long as doing so is not inconsistent with the purposes of the bankruptcy stay).

Because dismissal of this action would relieve Defendants from the expense of this litigation

---

[2] In Slay, the district court decided that a voluntary dismissal pursuant to Rule 41(a)(1)(i) would "assist rather than interfere with the goals of Chapter 11" and dismissed the action with prejudice. Slay, at 807. The court in cited the decision in Chase Manhattan Bank, N.A. v. Celotex Corp., 852 F. Supp. 226, 228 (S.D.N.Y. 1994), finding that "a Rule 41dismissal does not violate the automatic stay because 'the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.'" Id. (brackets in original).

[3] See also Independent Union of Flight Attendants v. Pan American World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992) (finding automatic stay did not preclude disposing of a motion to dismiss a bankruptcy appeal); Dennis v. A.H. Robins Co., Inc., 860 F.2d 871, 872 (8th Cir. 1988) (holding that the § 362(a) stay does not "preclude another court from dismissing a case on its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay.").

and preserve to all creditors any assets that would be subject to a potential recovery in this action, dismissal of this action is not inconsistent with the purpose of the automatic stay.  <u>Gallagher v. Sports Publishing, LLC</u>, 2009 WL 294400 (C.D. Ill. February 4, 2009) ("A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors.") (citations omitted).

Additionally, dismissal on Plaintiff's voluntary motion for dismissal before Defendants filed either an answer or a motion for summary judgment does not require consideration of the causes of action or claims in this action and thus "would not constitute a continuation of the judicial proceedings." <u>See Settles,</u> 2012 WL 1605350 at *4.

Accordingly, the stay of this action is LIFTED, Plaintiff's Motion is GRANTED, and this action is DISMISSED without prejudice.

DONE and ORDERED this the 23rd day of November 2021.

                                                <u>/s/ Kristi K. DuBose</u>
                                                **KRISTI K. DuBOSE**
                                                **UNITED STATES DISTRICT JUDGE**